UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS LEE LEWIS,
        Plaintiff,

v.

JUDGE MARGARET J. MULLEN,
        Defendant.

No. 13 CV 06746
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Dennis Lee Lewis filed this suit against Margaret J. Mullen, a circuit judge on the Nineteenth Judicial Circuit Court of Lake County, Illinois. Doc. 1 at 1-7. Lewis alleges Mullen failed to intervene to protect plaintiff from violation of plaintiff's civil rights and acted in conspiracy with the Chicago Police Department by Mullen's failure to enter a default judgment against Defendants in Lewis's prior lawsuit, *Dennis Lee Lewis v. Chicago Police Department*, Case No. 05 C 287. In that case, Lewis filed a complaint against the Chicago Police Department in the Nineteenth Judicial Circuit Court of Lake County, Illinois; the case was subsequently moved to federal court at the Northern District of Illinois and dismissed with prejudice. Plaintiff Lewis now files a motion for leave to proceed *in forma pauperis* in the present case. This motion is granted, but this case is dismissed with prejudice.

Judges are absolutely immune from damages claims for acts committed in the exercise of their judicial duties. *See Forrester v. White*, 484 U.S. 219, 227-28 (1988); *see also Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). All of Mullen's alleged misdeeds concern judicial actions she took as the judge presiding over Lewis's earlier case. Lewis argues that Mullen did not enter a default judgment against Defendant in the prior case and acted in conspiracy with the

Chicago Secret Service, but "[a judge] will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978) (internal quotation marks omitted); see also *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000). It cannot possibly be said that Mullen acted "in the clear absence of all jurisdiction" in dismissing a case that she had been assigned to handle.

Because all of Lewis's claims fail as a matter of law, and because Lewis cannot cure the flaw in those claims by re-pleading, his suit is dismissed with prejudice. *See Richardson v. United States*, 516 F. App'x 2 (D.C. Cir. 2013); *Redmond v. Manfredi*, 417 F. App'x 111, 112-13 (3d Cir. 2011); *Vincent v. United States*, No. 11-1381 (7th Cir. Mar. 15, 2011 (unpublished order) (affirming the dismissal of a prior suit by Vincent, reasoning that her "entire case is premised on the alleged wrongdoing of Judge Leinenweber, but he has judicial immunity") (citing *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: October 2, 2013

2